PAUL A. KNOX, SR., Petitioner, *v.* THE EIGHTH JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE JOSEPH T. BONAVENTURE, District Judge, Respondent.

No. 23028

May 13, 1992                                    830 P.2d 1342

*Paul A. Knox,* In Proper Person, Indian Springs, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus challenges the alleged refusal of the district court to grant petitioner a hearing on his petition to seal portions of his criminal record.

On March 19, 1992, petitioner filed in this court an original petition for a writ of mandamus. In that petition, petitioner demonstrated that, on January 6, 1992, he filed in the district court a petition, pursuant to NRS 179.255, to have a portion of his criminal record sealed. NRS 179.255 provides as follows:

> 1. A person who has been arrested for alleged criminal conduct, where the charges were dismissed or such person was acquitted of the charge, may after 30 days from the date the charges were dismissed or from the date of the acquittal petition the court in and for the county where such arrest was made for the sealing of all records relating to the arrest.
>
> 2. The court shall notify the district attorney of the county in which the arrest was made, and the district attorney and any person having relevant evidence may testify and present evidence at the hearing on the petition.
>
> 3. If after hearing the court finds that there has been an acquittal or that the charges were dismissed and there is no

evidence that further action will be brought against the person, the court may order sealed all records of the arrest and of the proceedings leading to the acquittal which are in the custody of the court, of another court in the State of Nevada or of a public or private company, agency or official in the State of Nevada.

Petitioner alleged that while he was charged, by way of information, with one count each of coercion, false imprisonment, and battery causing substantial bodily harm, he was acquitted of the charge of false imprisonment. He further alleged that earlier charges of kidnapping and assault with a deadly weapon had been dismissed, and that those charges had not been refiled and that more than one year had passed since the dismissal.

Attached to the petition for a writ of mandamus were photocopies of two letters. The first letter, dated February 26, 1992, was from Tony F. Sanchez, a law clerk for Judge Joseph T. Bonaventure, and was addressed to Alexandra C. Chrysanthis, a deputy district attorney with the Clark County District Attorney's Office. The main text of that letter read as follows:

Please find enclosed the Order along with a copy of the Petition on the above entitled case that I discussed with you last week. As I indicated to you, I appreciate your offer to send Mr. Knox a letter indicating why his record cannot be sealed at this time.

If you have any questions or if there is anything I can do, please do not hesitate to call me on extension 4661. Thanks again for all of your help in this matter.

The second letter, dated February 28, 1992, was from Chrysanthis, and was addressed to petitioner. The main text of that letter read as follows:

As required by statute, your Petition to Seal Records was referred to our office for review.

After reviewing your Petition as well as your case history and NRS 179.245 and 179.255, I regret to inform you that your records cannot be sealed. Due to the fact that your arrests resulted in convictions, none of the records can be sealed at this time. Even though certain counts or charges may have been dismissed or resulted in acquittals, those records cannot be sealed so long as the remaining counts or charges resulted in convictions until the convictions themselves can be sealed.

Consequently, I am returning your original Petition to Seal Records and Order. If you have any additional questions, please direct them to me.

On March 24, 1992, this court issued an order in which we noted that petitioner had demonstrated that he might be entitled to relief. Specifically, we noted that after reviewing petitioner's allegations, as demonstrated by the documents supporting his petition, it appeared that NRS 179.255 may not have been complied with. Accordingly, we ordered the state to file an answer to the petition for a writ of mandamus.

On April 20, 1992, the state filed in this court an answer to the petition for a writ of mandamus. In that answer the state first explains that petitioner's petition to seal his records was not set for a hearing because it did not comply with Eighth District Court Rule (EDCR) 2.20(a), which requires that motions "contain a notice of motion setting the same for hearing." Because petitioner never requested that his petition be set for a hearing, the state explains that no action was taken.

The state's explanation demonstrates a serious misunderstanding of civil procedure. Petitioner did not file a motion in the district court; therefore EDCR 2.20 is inapplicable. Petitioner commenced an independent civil action by filing a petition. The district court had a mandatory duty to take official action on that petition, whether or not petitioner filed any further documents in the district court. Further, even if EDCR 2.20 were applicable, we hold that a district court may not use its local rules to defeat the right of litigants to access to the court.

The rest of the state's answer is even more disturbing. The state explains that it is the regular practice in the Eighth Judicial District to refer petitions under NRS 179.255 to a deputy district attorney for review, and for the deputy district attorney to return the petition to the petitioner if, in the sole view of the deputy district attorney, the petitioner's records should not be sealed. This procedure is followed whether or not the petition has been filed in the district court. The state explains that the petitioner may thereafter move to have the petition set for a hearing.[1] The state's explanation of the local procedure for handling petitions under NRS 179.255, is confirmed by an affidavit from the Judge Joseph T. Bonaventure.

We hold that the above procedure is illegal. NRS 179.255 has no provision for referring petitions to seal records to the office of the district attorney. Instead, the district attorney is entitled to be

---

[1]We note, however, that the letter from Chrysanthis to petitioner does not explain this and, in fact, specifically instructs petitioner to direct any further questions to Chrysanthis.

notified of the petition and to "testify and present evidence at the hearing on the petition." NRS 179.255(2). There is absolutely no authority for referring a petition to the district attorney or for the district attorney to return a petition to the petitioner. Likewise, there is no authority for the district court to avoid its mandatory obligation to act on the petition by deferring its judicial role to a deputy district attorney.

Accordingly, we grant this petition. The clerk of this court shall forthwith issue a writ of mandamus, directing the district court to schedule a hearing on petitioner's petition to seal his records, and make an official disposition of that petition.[2]

---

[2]We express no opinion on the merits of petitioner's petition to seal his records.